FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00510-LTB

DARREN L. NICODEMUS,

    Plaintiff,

v.

DENVER POLICE DEPT.,
COMCAST,
DENVER HEALTH (HSS),
AURORA POLICE OFFICER,
LABOR READY (TERESA CRUZ),
ARAPAHOE HOUSE INC.,
DIAMOND (VALERO) INC.,
1660 LOGAN ST. SECURITY,
DENVER LIBRARY SEC., and
PADDOCK IMPORTS,

    Defendants.

---

### ORDER DENYING MOTION TO RECONSIDER

---

At issue is Plaintiff Darren L. Nicodemus's Letter, Doc. No. 9, filed on August 22, 2011. The Court must construe the Letter liberally because Mr. Nicodemus is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on April 18, 2011, because Mr. Nicodemus failed to comply with the Court's order to provide a properly notarized 28 U.S.C. 1915 motion and to name the same parties in both the caption and Section "Parties" of the complaint form and to provide addresses for each of the named parties. A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)). Mr. Nicodemus's Letter was filed over twenty-eight days after the Court's Order of Dismissal was entered on April 18, 2011. Therefore, the Letter is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Nicodemus fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.

In the Motion to Reconsider, Mr. Nicodemus asserts that a "clerk" at the Court told him that he would not have to submit a notarized § 1915 motion if he provided a letter to the Court explaining why he was not able to do so. Even if the Court were to accept the 28 U.S.C. § 1915 motion without being notarized, Mr. Nicodemus failed to submit a complaint form that included the addresses of the named defendants and

2

stated the same defendants in both the caption and in Section "Parties" of the complaint form. Furthermore, this action was dismissed without prejudice. Mr. Nicodemus, therefore, may file a new action is he so desires. Accordingly, it is

ORDERED that the Letter (Doc. No. 9) filed on August 22, 2011, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this __26th__ day of ____August____, 2011.

BY THE COURT:


___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00510-BNB

Darren L Nicodemus
Prisoner No. 2011-09777
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk